UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIO SESSOMS,<br><br>Defendant. | No. 2:23-cr-00305-DC-1<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. No. 131) |

This matter came before the court on January 16, 2026 for a hearing on Defendant's motion to dismiss Counts One and Two of the indictment for spoliation of evidence. (Doc. No. 131.) Attorneys Megan Hopkins and Hootan Baigmohammadi appeared on behalf of Defendant. Assistant United States Attorneys Nicole Vanek and Adrian Kinsella appeared on behalf of the Government. During the hearing, the court ordered the parties to file two additional documents for the court's review that were at issue during the hearing. (*See* Doc. No. 149.) On the same day, the Government complied with the court's order. (Doc. No. 148.) For the reasons explained below, Defendant's motion to dismiss Counts One and Two of the indictment will be denied.

Pursuant to Federal Rule of Criminal Procedure 12(c)(1), "[t]he court may . . . set a deadline for the parties to make pretrial motions and may also schedule a motion hearing." Fed. R. Crim. P. 12(c)(1). "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely," but a court may consider the motion if the moving party demonstrates

1

good cause for the delay. Fed. R. Crim. P. 12(c)(3). Per this court's Standing Order in Criminal Actions, which the parties were provided notice of on March 24, 2025, "[a]ll pretrial motions other than motions in limine, including, but not limited to, those identified in Federal Rule of Criminal Procedure 12(b)(3), must be heard at least 30 days prior to the trial confirmation hearing." (Doc. No. 89 at 3.) At the time Defendant filed the pending motion to dismiss, the trial confirmation hearing was set for January 9, 2026. (Doc. No. 106.) Further, pursuant to Local Rule 430, a criminal motion must be noticed for hearing no less than fourteen days after service of the motion. *See* E.D. Cal. L.R. 430(e). Accordingly, the deadline to file pretrial motions in this matter passed on November 26, 2025.[1]

Here, Defendant acknowledges that the pending motion to dismiss was not timely filed. (Doc. No. 131 at 2.) Defendant explains there is good cause for the delay in filing because "the information giving rise to the instant motion was not known to the defense until recently, after service of a subpoena led to the revelation that exculpatory evidence had been lost or destroyed." (*Id.*)

However, the court is not persuaded that there is good cause to excuse Defendant's delay in filing the pending motion for the following reasons. First, Defendant has had the relevant discovery in his possession for at least six months. In a previous motion to dismiss filed by Defendant on July 3, 2025, Defendant makes explicit reference to "text messages [that Defendant] exchanged with a Confidential Informant (CI)," which is the discovery at issue in the motion presently before the court. (Doc. No. 96 at 2.) Further, in his motion to continue trial filed on July 25, 2025, Defendant stated that he had begun receiving the relevant discovery. (Doc. No. 104 at ¶ 12.) Indeed, Defendant confirmed at the hearing on this matter that he received the relevant discovery in July 2025.

On August 1, 2025, the court denied the motion to dismiss filed on July 3, 2025, and reset

---

[1] On March 24, 2025, this court set the pretrial motions deadline for July 4, 2025, after confirming the August 29, 2025 trial date in this matter. On August 1, 2025, the court reset the trial confirmation hearing date to January 9, 2026 and the trial date to February 2, 2026. However, the court did not reset the Rule 12 motions deadline at that time, and therefore, the pretrial motions deadline set forth in the court's Standing Order is controlling.

the jury trial in this matter for February 2, 2025. (Doc. No. 106.) In other words, Defendant has been on notice of the jury trial date for more than five months. Despite representing that "it [was] apparent from the [relevant text] messages that at least some of them have been omitted" and were "missing important metadata," Defendant waited, without explanation, until mid-November to seek a Rule 17(c) subpoena "for the production of the CI's cell phone to a defense expert who would perform a limited data extraction of the messages exchanged between the CI and [Defendant]." (Doc. No. 131 at 4.) On November 17, 2025, the Clerk of the Court issued the subpoena for the CI's cell phone. (*Id.*) On November 18, 2025, the CI contacted the Federal Defender's Office to inform Defendant's counsel that the relevant cell phone was no longer in the CI's possession, and that she did not transfer any data from that cell phone to her current cell phone. (*Id.*) Defendant withdrew the subpoena thereafter. (*Id.*)

On January 2, 2026, approximately six weeks later, Defendant filed the pending motion to dismiss based on the spoliation of the evidence from the CI's cell phone. (*Id.*) Defendant, however, does not provide any adequate explanation as to why this motion was filed more than one month after the deadline to do so passed on November 26, 2025. Further, at oral argument, Defendant did not provide any additional explanation for the delay beyond what is contained in Defendant's motion. Therefore, the court finds that Defendant has not demonstrated that there is good cause to excuse Defendant's delay in filing the pending motion to dismiss. Accordingly, Defendant's motion to dismiss Counts One and Two of the indictment for spoliation of evidence (Doc. No. 131) is DENIED.

IT IS SO ORDERED.

Dated:    **January 21, 2026**                                      

Dena Coggins
United States District Judge

3