UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>TIO DINERO SESSOMS,<br><br>Defendant. | Case No. 2:23-cr-0305 DC<br><br>ORDER RE: MOTIONS TO QUASH<br><br>(ECF Nos. 110, 112, 115) |

Pending before the Court is the government's motion to quash a subpoena authorized on November 17, 2025 pursuant to Federal Rule of Criminal Procedure 17 directed to a third party confidential informant ("CI") for a "cellular phone" to be produced by November 21, 2025 to Glenn K. Bard, Chief Technical Officer of PATCTech in Plainfield, Indiana; the CI's motion to quash the same subpoena; and the government's motion to direct the Clerk of Court to file certain documents on the docket. (ECF Nos. 110, 112, 115.) Defendant filed an amended opposition to the government's motions, but did not file a response or opposition to the CI's motion to quash. (*See* ECF No. 113; Docket.) A hearing was held on December 4, 2025 where counsel for the government, Defendant, and CI appeared. (ECF No. 120.) At the hearing, because lack of specificity was one of the grounds raised for quashing the subpoena and because it was unclear what exactly was served on the CI regarding the subpoena, the Court ordered the CI's

1

counsel to file a supplemental statement to identify what was served on the CI with the subpoena on or by December 8, 2025. (*Id.*) The Court further ordered Defendant to file on or by December 8, 2025, a proof of service of the subpoena including identification of what documents were served because it appeared that Defendant served an incomplete subpoena package where he only included a one-page subpoena for "cellular phone" without the Court's accompanying order that further limited the subpoena. (*See id.*) The Court granted Defendant's request to permit Defendant to submit a supplemental brief by December 15, 2025, regarding the validity of the subpoena if it was served without the Court's accompanying order. (*Id.*) The parties timely filed their supplemental statements and brief (ECF Nos. 121, 122, 125), and the motions are submitted for decision.

## I.    MOTION TO FILE ON THE DOCKET

The Court first addresses the government's motion to direct the Clerk's Office to file on the docket the November 17, 2025 Order for the Rule 17(c) Subpoena at issue and any related submissions. (ECF No. 112.) Orders in criminal cases must be entered into the official record and docket. *See* Fed. R. Crim. P. 55; *United States v. Corbett*, 2019 WL 5260748, *2 (E.D. Cal. Oct. 17, 2019). Defendant does not dispute this, and instead argues that the motion should be denied as moot because the application and order were already filed under seal. Def. Am. Response at 2, 4 (ECF No. 113). A copy of the one-page subpoena has already been filed as a redacted attachment to the government's motion to file on the docket (*see* ECF No. 112-1), which was served on the subpoenaed CI. The Court does not address Defendant's concern that the underlying application will be unsealed because there has been no request to unseal Defendant's application. As discussed at the hearing, the Court agrees that the request is moot because the November 17, 2025 Order for the Rule 17(c) Subpoena and all accompanying documents have already been filed under seal in the docket.[1] (*See* ECF

---

[1]  The Court notes that Defendant counsel

No. 108.) The Court recognizes that because the docket entry is for "SEALED EVENT," the government was not aware that the November 17, 2025 Order for the Rule 17(c) Subpoena and all accompanying documents were already filed into the official record and docket. Therefore, the government's motion is denied as moot.

## II.    MOTIONS TO QUASH

### A.    Legal Standards

Pursuant to Federal Rule of Criminal Procedure 17(c)(1), a pretrial subpoena "may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them." Fed. R. Crim. P. 17(c)(1).

"Rule 17(c) was not intended to provide an additional means of discovery." *Bowman Dairy Co. v. United States,* 341 U.S. 214, 220 (1951). It is a way for a defendant to obtain "specific, identifiable evidence for trial." *United States v. Ruedlinger,* 172 F.R.D. 453, 455 (D. Kan. 1997) (quoting *United States v. Jackson*, 155 F.R.D. 664, 667 (D. Kan. 1994)). The party seeking the subpoena must show "(1) relevancy; (2) admissibility; (3) specificity." *United States v. Nixon,* 418 U.S. 683, 700 (1974). To meet this burden, the party must show a "sufficient likelihood" that the documents sought are "relevant to the offenses charged in the indictment" and make a "sufficient preliminary showing that [the material] contains evidence admissible with respect to the offenses charged." *Id*. "A party may obtain a subpoena *ex parte* upon a preliminary showing that the *Nixon* factors have been met." *United States v. Wells*, 2005 WL 3823597, at *2 (E.D. Cal. Oct. 17, 2005), *report and recommendation adopted*, 2005 WL 3822883 (E.D. Cal. Dec. 20, 2005).

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), the court may quash or modify a subpoena if compliance would be "unreasonable or oppressive."  In determining a motion to quash, a court "must reconsider the *Nixon* standard in

determining whether 'compliance with the subpoena would be unreasonable or oppressive.'" *United States v. Beckford,* 964 F. Supp. 1010, 1028 (E.D. Va. 1997) (quoting Fed. R. Crim. P. 17(c)).

**B.    Analysis**

Defendant first argues that the government lacks standing to quash the subpoena directed to the CI. The Court need not address Defendant's argument because the CI has filed their own motion to quash the subpoena.

The CI moves to quash the subpoena because (1) it orders production to a private third party in another state, rather than production "in court" as contemplated by Rule 17(c); (2) the subpoena is not connected to a trial or hearing, but requires production unrelated to a court proceeding where the witness is required to testify; (3) the subpoena for "cellular phone" "effectively authoriz[es] a third-party forensic copy of the entire contents of a private cellphone" and is therefore overbroad and lacks the specificity required under *Nixon*; (4) compliance with the subpoena is oppressive and unreasonable; and (5) the subpoena improperly circumvents criminal discovery procedures in Rule 16, the Jencks Act, and *Brady/Giglio* requirements.

Defendant argued in its opposition to the government's motion that the motion to quash was moot because the cellular phone is not available. Def. Am. Opp'n at 2 (ECF No. 113). At the hearing, Defendant withdrew its subpoena and confirmed its withdrawal in its post-hearing supplemental opposition. Def. Supp. Opp'n at 3. This does not, however, moot the CI's motion to quash because the subpoena could be re-served and Defendant has made no assurance that it will not attempt to re-serve the subpoena.

At the hearing, the Court inquired as to what was served with the subpoena because the motions to quash only referred to the subpoena's demand for "cellular phone" and argued that the subpoena was overbroad and lacked specificity. Because it was unclear what was served with the subpoena, the Court ordered counsel for the CI and counsel for Defendant to file supplemental statements identifying exactly what was served with the subpoena. Filings submitted after the hearing have confirmed that on

4

November 18, 2025, a defense investigator served the CI with only the one-page subpoena. *See* Def. Proof of Service (ECF No. 121); Def. Supp. Opp'n at 2 (ECF No. 125); *see* Declaration of CI Counsel Candice L. Fields (ECF No. 122). The Court accepts defense counsel's post-hearing acknowledgement that it only served the one-page subpoena, but it intended to serve the court order with the subpoena. *See* Def. Supp. Opp'n at 2.

Despite this acknowledgment, defense counsel continues to argue that the one-page subpoena limited to "cellular phone" was sufficiently specific on its own without the accompanying court order or some other written document. This argument fails.

The magistrate judge authorized in its November 17, 2025 Rule 17(c) order the following, as summarized by Defendant:

> In the order, the magistrate judge granted the defense request for the production of the cellular phone belonging to the subject, for inspection and data extraction *relating solely to communications between the subject and the defendant* at the time of the offense and relevant conduct. The court further ordered that the subject comply with the subpoena by delivering the phone to the expert identified on the subpoena, or arrange with that same expert for the pickup of the phone in the subject's location.

Def. Supp. Opp'n at 3 (emphasis added).

The one-page subpoena only instructs the subpoenaed party to produce "cellular phone" by November 21, 2025 to Glenn K. Bard, Chief Technical Officer of PATCTech in Plainfield, Indiana. No other description or explanation is provided. It does not identify which or whose cellular phone. It does not disclose that the only information authorized to be extracted from the cellular phone belonging to the CI was communications between the CI and Defendant. It does not disclose that the magistrate judge's order included different options for the subpoenaed party's compliance. Ultimately, the subpoena served did not accurately present what was actually authorized by the magistrate judge.

Instead, Defendant puts the responsibility and the burden entirely on the subpoenaed party to somehow figure out that the subpoena for "cellular phone" meant the cellular phone the subpoenaed party owned, limited to inspection and extraction of the subpoenaed party's communications with Defendant, and that the subpoenaed party had different options for compliance. Defendant provides no legal authority for his position. Defendant notes that contact information for the third party expert and defense counsel were provided on the subpoena, that the subpoenaed party did contact the Federal Defender's Office by phone after being served, and that the subject "could have contacted the expert and arranged to either have the device delivered to them, or had them come to the subject's location to retrieve it." Def. Supp. Opp'n at 4. The Court rejects Defendant's unsupported argument that the subpoenaed party bears the responsibility and burden to uncover and identify the limits and contents of the court order authorizing the subpoena, and the different compliance methods identified by the court. The responsibility to properly and accurately serve the subpoena that was authorized by the court rests with the party serving the subpoena.

As the Court indicated at the hearing, if the subpoena at issue had been accompanied by the court order authorizing the subpoena, that would have accurately described what was authorized by the court and it would have provided sufficient information to the potential defect in the subpoena's two word description of "cellular phone." To be clear, the Court does not conclude or require that in every instance the underlying court order authorizing a Rule 17(c) subpoena must accompany the subpoena when the subpoena is served. A sufficiently descriptive subpoena that follows the court order authorizing the subpoena would also be valid.

The Court agrees that the subpoena's limited two-word "cellular phone" description is overbroad, lacks the specificity required under *Nixon*, and requiring compliance by the subpoenaed party would be unreasonable and oppressive. *See* Fed. R. Crim. P. 17(c)(2); *Beckford,* 964 F. Supp. at 1028. The Court also concludes that where only this one-page subpoena was served as Defendant concedes (*see* ECF Nos.

6

121 & 125 at 2), the subpoena did not accurately communicate what was authorized by the magistrate judge in its November 17, 2025 order. The Court therefore grants the CI's motion to quash the subpoena dated November 17, 2025, and also concludes that the subpoena as served was invalid.

The Court notes that the CI has raised other arguments, including the subpoena's requirement to produce the "cellular phone" outside the district to a third party located outside the district, which is not authorized by Rule 17(c)(1).[2] The Court need not further address the parties' remaining arguments because doing so is unnecessary to resolve the motion.

**CONCLUSION**

In conclusion, IT IS HEREBY ORDERED that:

1.    Third Party Subpoenaed CI's motion to quash (ECF No. 115) the November 17, 2025 subpoena (ECF No. 108) is GRANTED;

2.    Plaintiff United States' motion to quash the same subpoena (ECF No. 110) is DENIED as moot; and

3.    Plaintiff United States' motion to direct the Clerk to file into the docket the November 17, 2025 Order for the Rule 17(c) Subpoena and any related submissions (ECF No. 112) is DENIED as moot.

Dated:  January 26, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/23-cr-0305_sessoms

---

[2]   The court order authorizing the Rule 17(c) subpoena was "for inspection and data extraction relating solely to communications between the subject and the defendant." Def. Supp. Opp'n at 3. The court order did not require the subject to relinquish possession of the cellular phone. Rule 17(c)(1) does not authorize a subpoena requiring the subpoenaed party to relinquish possession to a third party, but authorizes production of the designated item, including data, for inspection. See Fed. R. Crim. P. 17(c)(1). This is another reason that the subpoena as served was invalid because it did not accurately present what was authorized by the magistrate judge.

7