UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:23-cr-305-DC-1 |
| Plaintiff, | |
| v. | ORDER ON MOTIONS *IN LIMINE* |
| TIO SESSOMS, | (Doc. Nos. 133, 134, 135) |
| Defendant. | |

This matter came before the court on January 23, 2026 for a hearing on the motions *in limine* filed by both the Government and Defendant. (Doc. Nos. 133, 134, 135.) At the hearing, the court issued rulings from the bench on several of the parties' motions *in limine* and indicated to the parties on the record which motions the court would defer ruling on until trial. The court also took several motions *in limine* under submission and indicated that a written order would be issued on those motions. Those pending motions will be addressed in this order.

In the Government's motion *in limine* No. 1, the Government seeks to preclude Defendant from referring in the presence of the jury during voir dire or at trial to the (1) potential penalties, (2) statutory maximums, or (3) sentencing range upon a conviction that any witness may face. (Doc. No. 133 at 1.) In the Government's motion *in limine* No. 2, the Government seeks to preclude Defendant from raising the defense of entrapment at trial. (Doc. No. 134.) In Defendant's motion *in limine* No. 2, Defendant seeks to exclude evidence of the "trap house"

1

investigation in *United States v. Armando Tabarez*, 2:19-mj-00102-CKD-1. (Doc. No. 135 at 3–6.) In Defendant's motion *in limine* No. 3, Defendant seeks to exclude any testimony by Armando Tabarez. (*Id.* at 6–7.) In Defendant's motion *in limine* No. 4, Defendant seeks to exclude testimony by California Highway Patrol Officer Michael Perry. (*Id.* at 7.)

The Government filed an opposition to Defendant's motions *in limine* on January 14, 2026. (Doc. No. 140.) On that same date, Defendant filed oppositions to the Government's motions *in limine*. (Doc. Nos. 139, 141.) For the reasons explained below, the court will reserve ruling on the Government's motion *in limine* No. 1 (Doc. No. 133), deny in the part the Government's motion *in limine* No. 2 (Doc. No. 134), and deny Defendant's motions *in limine* Nos. 2, 3, and 4. (Doc. No. 135.)

## BACKGROUND

Defendant is charged in the indictment with the following counts: violation of 21 U.S.C. § 841(a)(1) – distribution of fentanyl (count one) and violation of 18 U.S.C. § 922(g)(1) – felon in possession of a firearm (count two). (Doc. No. 22 at 1.) In support of count one, the Government alleges that in Sacramento County on August 28, 2023, Defendant knowingly and intentionally distributed at least 400 grams of a substance popularly known as fentanyl, which is a Schedule II controlled substance. (*Id.*) In support of count two, the Government alleges that in Sacramento County on September 14, 2023, Defendant knowingly possessed a Smith & Wesson .40 caliber pistol and a Springfield Armory 9mm caliber pistol, knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year. (*Id.* at 1–2.) Further, the Government alleges that the firearms Defendant possessed had previously been transported in interstate and foreign commerce, in violation of 18 U.S.C. § 922(g)(1). (*Id.* at 2.)

## LEGAL STANDARD

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citing Black's Law Dictionary 803, 1038–39 (8th ed. 2004)). Like other pretrial motions, motions *in limine* "are useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (quoting *Palmerin v. City of Riverside*, 794

F.2d 1409, 1413 (9th Cir. 1986)). "Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citations omitted).

"In many instances, rulings 'should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context.'" *Vargas v. Lopez*, No. 23-cv-02490-TSH, 2025 WL 2800196, at *1 (N.D. Cal. Sep. 30, 2025) (quoting *U.S. v. Pac. Gas & Elec. Co.*, 178 F. Supp. 3d 927, 941 (N.D. Cal. 2016)); *see Williams v. Castro*, No. 20-cv-01617-SAB, 2023 WL 2432770, at *1 (E.D. Cal. Mar. 9, 2023) (noting that "some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine* and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury") (citing *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997)).

Moreover, *in limine* rulings are not binding on the court, and the court may change its ruling during trial. *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *see City of Pomona*, 866 F.3d at 1070 ("The district court may change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling.") (quoting *United States v. Bensimon*, 172 F.3d 1121, 1127 (9th Cir. 1999)).

**ANALYSIS**

**A.    Government's Motion *in Limine* No. 1**

In the Government's first motion *in limine*, the Government seeks to preclude Defendant from referring in the presence of the jury during voir dire or at trial to the (1) potential penalties, (2) statutory maximums, or (3) sentencing range upon a conviction that any witness may face. (Doc. No. 133 at 1.) The Government argues that maximum penalty information is not relevant because "[t]here is no serious debate as to whether the potential maximum sentence is a poor indicator of the potential exposure a witness has at sentencing," and that "[c]ourts regularly exclude this information." (*Id.* at 3.) The Government further argues that introducing the maximum penalties faced by a witness may mislead the jury and would be purely speculative,

3

though Defendant may question a cooperating witness regarding the witness's own understanding of his potential sentencing exposure. (*Id.* at 4.) The Government avers that the Sixth Amendment's Confrontation Clause requires nothing more than allowing Defendant to question the witnesses regarding whether they may be facing criminal charges or hoping for leniency in sentencing in exchange for their testimony. (*Id.*)

Defendant argues in opposition that the "credibility of testifying witnesses, including any bias resulting from a perceived or actual benefit of cooperation in avoiding a potential criminal penalty, is always relevant." (Doc. No. 141 at 2.) Defendant further asserts that though the Government has an interest in preventing the jury from inferring Defendant's potential sentence from evidence regarding a witness's sentence, the Government's interest is outweighed by Defendant's right to question a cooperating witness about their bias. (*Id.* at 3.)

"The Confrontation Clause of the Sixth Amendment . . . 'guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him.'" *United States v. Larson*, 495 F.3d 1094, 1102 (9th Cir. 2007) (citation omitted). The Confrontation Clause includes "the right of effective cross-examination," which is critical to a fair trial because "cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested." *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 316–318 (1974)). The Ninth Circuit has endorsed a "policy favoring expansive witness cross-examination in criminal trials." *Id.* (quoting *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000), *holding modified by Larson*, 495 F.3d 1094)). Further, "the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis*, 415 U.S. at 316–17 (citation omitted). Though the court has "broad discretion" to limit the scope of cross-examination, a court "cannot preclude a defendant from asking, not only *whether* the witness was biased, but also to make a record from which to argue *why* the witness might have been biased." *United States v. Schoneberg*, 396 F.3d 1036, 1042 (9th Cir. 2005) (internal quotations and citation omitted).

Here, the court will address the Government's motion as to each witness if the issue arises at trial. However, the parties are advised that the court is generally inclined to allow Defendant to

4

cross-examine cooperating witnesses as to the mandatory minimum sentence the witnesses are facing in absence of cooperation with the Government. Defendant generally has a right to explore the bias of a cooperating witness. *See Larson*, 495 F.3d at 1104 (finding no Sixth Amendment violation where the "jury was sufficiently apprised of [the witness]'s incentive to testify to the Government's satisfaction–including the mandatory minimum sentence that [the witness] faced in the absence of cooperation with the Government . . . ."). However, the court will likely preclude Defendant from cross-examining cooperating witnesses as to the statutory maximum because the statutory maximum "is fundamentally different from the *mandatory* minimum sentence that the witness *will* receive in the absence of a motion by the Government." *See id.* at 1106. As the Government points out and as Defendant acknowledged at the hearing, "a defendant seldom receives the maximum penalty permissible under the statute of conviction." *See id.* Accordingly, the court will reserve its ruling on the Government's first motion *in limine* until a cooperating witness is called to testify at trial by either party and the issue is raised by one of the parties.

**B.      Government's Motion *in Limine* No. 2**

The Government requests in its second motion *in limine* that this court preclude Defendant from presenting an entrapment defense at trial. (Doc. No. 134.) The Government primarily argues that the confidential informant did not have any involvement with Defendant's conduct charged in the Eastern District of California, and therefore, Defendant should be precluded from presenting the defense at trial. (*Id.* at 2.) Defendant opposes the Government's motion on multiple grounds but primarily argues that the defense of entrapment only requires Defendant to submit some evidence to the jury that the Government induced Defendant to commit the crime and that Defendant was not predisposed to commit the crime. (Doc. No. 139 at 1–2.)

The defense of entrapment is "firmly recognized" in federal courts. *United States v. Gomez*, 6 F.4th 992, 1001 (9th Cir. 2021) (quoting *Sherman v. United States*, 356 U.S. 369, 372 (1958)). Entrapment is a relatively limited defense with two elements: (1) the defendant was induced to commit the crime by a government agent; and (2) the defendant was not otherwise predisposed to commit the crime. *Id.* (citation omitted). The Ninth Circuit has defined inducement "as any government conduct creating a substantial risk that an otherwise law-abiding citizen

5

would commit an offense," through "persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship." *Id.* (quoting *United States v. Gurolla*, 333 F.3d 944, 954 (9th Cir. 2003)). Further, "even slight evidence of inducement is sufficient to allow a defendant to present an entrapment defense . . . ." *United States v. Drake*, No. 1:19-cr-00402-DCN-1, 2020 WL 5879101, at *11 (D. Idaho Oct. 2, 2020) (quoting *United States v. Davis*, 36 F.3d 1424, 1431 (9th Cir. 1994)).

Despite the Government's argument that Defendant cannot present an entrapment defense because the confidential informant was not directly involved in the alleged criminal conduct that forms the basis of the conduct in this case, the court finds that Defendant has raised some evidence of inducement based on the information contained in the text messages between Defendant and the confidential informant. (*See* Doc. Nos. 139; 135-2 at 2–4.) Further, the parties do not dispute that the confidential informant at least introduced Defendant to an undercover agent who then introduced Defendant to a second undercover agent that Defendant allegedly sold fentanyl to.

Because "even slight evidence of inducement is sufficient to allow a defendant to present an entrapment defense" the court will allow Defendant to present evidence of entrapment at trial. *See Drake*, 2020 WL 5879101, at *11 (citation omitted). However, the court will not determine whether Defendant is entitled to an entrapment jury instruction until after the parties have been given an opportunity to present evidence on entrapment during trial. Therefore, the Government's motion *in limine* to prevent Defendant from presenting evidence of entrapment will be denied in part.

**C.      Defendant's Motions *in Limine* Nos. 2, 3, and 4**

Defendant anticipates that the Government may seek to introduce evidence that is part of the federal investigation into Armando Tabarez as identified in *United States v. Tabarez*, 2:19-mj-00102-CKD-1. (Doc. No. 135 at 4.) Specifically, Defendant argues in his motion *in limine* No. 2 that the Government should be precluded from presenting evidence to the jury that Defendant "was connected to the trap house as a renter and subject of an associated utility bill . . . ." (*Id.* at 5.) Defendant asserts that he has not been charged in relation to the "trap house" operated by Mr.

6

Tabarez, and there is no evidence that the operation was similar to the allegations against Defendant. (*Id.*) Defendant argues in his motion *in limine* No. 3 that Mr. Tabarez should be precluded from testifying because his testimony would be unrelated to Defendant's alleged offense in this case, Defendant has not been provided with discovery of any statements by Mr. Tabarez regarding Defendant, Mr. Tabarez would merely confirm he was subletting from Defendant—which is not probative of Defendant's predisposition to commit the alleged offense, and that the testimony would be far more prejudicial than it would be probative. (*Id.* at 7.) Defendant also argues that for the same reasons, the court should exclude the testimony of California Highway Patrol Officer Micheal Perry. (*Id.*) The Government argues in opposition that "[a]ll of the evidence Defendant is attempting to exclude is relevant and probative" to demonstrate that Defendant was predisposed to engage in drug trafficking, and that Defendant's "strategic choice to put on an entrapment" defense opens the door to the Government presenting evidence of Defendant's predisposition to engage in such conduct. (Doc. No. 140 at 2–3.)

Evidence of predisposition is material where a defendant raises an entrapment defense because "the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act prior to first being approached by Government agents." *Gomez,* 6 F.4th at 1004 (quoting *United States v. Mendoza-Prado*, 314 F.3d 1099, 1103 (9th Cir. 2002)). In proving a defendant's predisposition, the most important factors are "the character and reputation of the defendant," and "whether the defendant showed any reluctance" to commit the charged offense. *Id.* (quoting *Davis*, 36 F.3d at 1430). In other words, a defendant's character, reputation, and lack of reluctance are "essential elements of the entrapment defense." *Id.*

      1.     <u>Federal Rule of Evidence 405[1]</u>

Under Federal Rule of Evidence 405(a), "testimony about the person's reputation or by testimony in the form of an opinion" may be used when evidence of a person's character is

---

[1] The court will analyze the predisposition evidence under Rule 405, rather than Rule 404(b), because the Ninth Circuit has held that once a defendant raises an entrapment defense, predisposition becomes an "essential element" of the case, and therefore specific instances of conduct become admissible to prove disposition under Rule 405(b). *See Mendoza–Prado*, 314 F.3d at 1103–1104; *United States v. Thomas*, 134 F.3d 975, 980 (9th Cir.1998).

admissible. *Id.*; Fed. R. Evid. 405(a). When a person's character "is an essential element of a charge, claim, or defense, the character or trait may also be proved by relevant specific instances of the person's conduct." Fed. R. Evid. 405(b). "Because character evidence is both admissible and an essential element of an entrapment defense, it may be proved under Rule 405 [] by reputation or opinion testimony, as well as by specific instances of conduct." *Gomez*, 6 F.4th at 1004; *see also* Fed. R. Evid. 405.

As for reputation evidence, the Government may introduce evidence of a defendant's "'past and current reputation in the community for involvement in the narcotics trade,' including testimony from government agents and confidential informants." *Gomez*, 6 F.4th at 1005 (citation omitted). However, if the Government seeks to introduce specific instances of a defendant's prior conduct, the prior acts must be sufficiently related and close in time to the crime charged to be relevant. *Id.* (citing *United States v. Barry*, 814 F. 2d 1400, 1404 (9th Cir. 1987)); *see also Mendoza-Prado*, 314 F.3d at 1103 (holding that when a defendant raises an entrapment defense, the government may introduce evidence of specific instances of prior conduct under Rule 405(b) that are similar to the offense the defendant is charged with); *United States v. Cerna*, No. 08-cr-00730-WHA, 2011 WL 2119304, at *6 (N.D. Cal. May 27, 2011) ("Quite apart from Rule 404(b), in other words, Rule 405(b) permits specific instances of conduct to prove predisposition, where entrapment is raised as a defense."). Evidence of prior bad acts is only probative if a "rational inference can be drawn from the prior act . . . that one induced to perform the charged crime was predisposed to do so." *Mendoza-Prado*, 314 F.3d at 1103 (internal quotation marks and citation omitted).

At the hearing, the Government indicated that if Defendant was allowed to present an entrapment defense, the Government would introduce evidence of Defendant's prior acts, specifically that around 2019, Defendant distributed methamphetamine that he received from Mr. Tabarez and Gabriel Lopez and allowed Mr. Tabarez and Mr. Lopez to store drugs at an apartment that Defendant rented (the "trap house"). The Government at the hearing asserted this evidence would be corroborated by multiple witnesses with firsthand knowledge, including Mr. Tabarez and Mr. Lopez if the Government chose to call them, and law enforcement officers that

8

were involved in the investigation.

The Government may introduce testimony about Defendant's reputation or testimony in the form of an opinion because Defendant's character is an "essential element" of his entrapment defense. *See Gomez,* 6 F.4th at 1004; Fed. R. Evid. 405(a). Specifically, if the Government calls cooperating witnesses or government agents, they may testify about Defendant's "past and current reputation in the community for involvement in the narcotics trade," assuming they have personal knowledge of the matter. *See id.* at 1005.

As to the Government's evidence of the trap house investigation, including the testimony of Mr. Tabarez and Officer Perry, the court finds this evidence proximate in time to the crime charged. The Government states that Defendant's relevant prior conduct occurred in 2019, while Defendant was charged in the present case in 2023. (Doc. Nos. 140 at 4; 1 at 1–2.) The four-year passage of time between Defendant's alleged prior conduct and the present case is not too remote in time, especially given the similarities between the conduct. *See United States v. Henderickson*, No. 22-30090, 2023 WL 5453234, at *1 (9th Cir. Aug. 24, 2023) (finding that the district court did not abuse its discretion when it admitted prior act evidence that occurred seven and twelve earlier because of the similarity between the conduct underlying the defendant's prior conviction and the conduct charged in the case); *United States v. Vo*, 413 F.3d 1010, 1013 (9th Cir. 2005) (finding that the district court did not abuse its discretion when it admitted a thirteen-year-old drug trafficking conviction).

Additionally, based on the Government's offer of proof, the Government has made a sufficient showing that the evidence is related to the crime charged because the alleged prior acts involve drug trafficking. Though Defendant is presently charged with distribution of fentanyl, the court finds that the prior act evidence is relevant to Defendant's predisposition to distribute drugs and participate in drug trafficking.

2.    Federal Rule of Evidence 403

Rule 403 permits a court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid.

403. "A court measures the probative value of evidence by its 'tendency to make the existence of any fact that is of consequence . . . more probable or less probable than it would be without the evidence.'" *United States v. Johnson*, 820 F.2d 1065, 1069 (9th Cir. 1987) (quoting *United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982)). "Unfair prejudice is measured by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable," by, for example, making "conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *Id.* (quoting *Bailleaux*, 685 F.2d at 1111).

Here, the court finds that the probative value of evidence regarding Defendant's general reputation for involvement in drug trafficking and Defendant's specific acts related to the investigation into Mr. Tabarez and the "trap house" is not substantially outweighed by the danger of unfair prejudice and misleading and confusing the jury. Defendant indicates he intends to present an entrapment defense, and the evidence the Government seeks to introduce bears directly on Defendant's predisposition to engage in drug trafficking. A defendant who makes the strategic choice to present an entrapment defense "cannot complain of an appropriate and searching inquiry into his own conduct and predisposition as bearing upon that issue" and any disadvantage a defendant might suffer as a result is brought upon by "the nature of the defense." *Gomez*, 6 F.4th at 1006 (quoting *Sorrells v. United States*, 287 U.S. 435, 452 (1932)). Accordingly, the court will deny Defendant's motions *in limine* Nos. 2, 3, and 4.

## CONCLUSION

For the reasons explained above:

1.     The court will reserve ruling on the Government's motion *in limine* No. 1;

2.     The Government's motion *in limine* No. 2 is DENIED in part as described herein; and

/////

/////

/////

10

3.   Defendant's motions *in limine* Nos. 2, 3, and 4 are DENIED.


IT IS SO ORDERED.

Dated:   **February 9, 2026**

_____
Dena Coggins
United States District Judge